IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01992-PAB

KERLA BRACOVICH BRACHO,

     Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General, in his official capacity, et al.,

     Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner Kerla Bracovich Bracho's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 8.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Venezuela. Docket No. 8-1 at 2, ¶ 4. On July 17, 2018, petitioner applied for admission to the United States at the Miami International Airport Port of Entry. *Id.*, ¶ 5. U.S. Customs and Border Protection ("CBP") determined that petitioner was inadmissible and processed her for expedited removal pursuant to 8 U.S.C. § 1225(b)(1). *Id.*, ¶ 6. On July 18, 2018, the Department of Homeland Security ("DHS") removed petitioner to Venezuela. *Id.*, ¶ 7. On October 22, 2021, CBP border patrol agents apprehended petitioner at or near Yuma, Arizona shortly after she entered the United States without authorization. *Id.* at 2-3, ¶ 8. CBP reinstated its prior order of

---

[1] The following facts are undisputed unless otherwise noted.

removal by issuing a Form I-871, Notice of Intent/Decision to Reinstate Prior Order, under 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8.[2]  *Id.*  On November 2, 2021, CBP transferred petitioner to Immigration and Customs Enforcement ("ICE") custody to effectuate her removal from the United States.  *Id.* at 3, ¶ 9.  On November 3, 2021, ICE released petitioner from custody on an order of release on personal recognizance.  *Id.*, ¶ 10.  On June 8, 2025, ICE officers arrested and detained petitioner.  *Id.*, ¶ 13.  She is currently detained at the Denver Contract Detention Facility.  *Id.* at 5, ¶ 25.  Both before and after her detention, petitioner has been pursuing fear-based relief from removal.  *Id.* at 3-5.

On May 8, 2026, petitioner filed a petition for a writ of habeas corpus.  Docket No. 1.  Petitioner brings one claim for relief, stating that she is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).  *Id.* at 9-10, ¶¶ 1-4.  On May 26, 2026, respondents filed a response.  Docket No. 8.  Petitioner's deadline to file a reply was June 2, 2026, but she did not file a reply.  *See* Docket No. 5.

## II. ANALYSIS

Respondents claim that petitioner is not entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) because she is not being detained pursuant to § 1226(a).  Docket No. 8 at 2.  Instead, respondents claim that petitioner is detained pursuant to 8 U.S.C.

---

[2] Petitioner states that she was not issued an order of removal until February 13, 2026.  Docket No. 1 at 2.  She also states that, upon her October 2021 entry into the United States, petitioner was not ordered removed.  *Id.* at 5.  Petitioner has not filed a reply disputing respondents' claims regarding her removal, which were made under penalty of perjury in the declaration of Mark Kinsey—a deportation officer assigned to petitioner's case.  *See generally* Docket No. 8-1.  The Court need not resolve the dispute of when petitioner was ordered removed to rule on the habeas petition; what is important is that petitioner does not dispute that she was ordered removed at some point.

§ 1231(a). *Id.* at 6.  Respondents are correct.  Petitioner herself notes that, under § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  Docket No. 1 at 4 (quoting 8 U.S.C. § 1226(a)).  Thus, petitioner—who has already been ordered removed—is not subject to § 1226(a).  Instead, she is detained pursuant to § 1231(a), which governs detention after a removal order becomes administratively final.  *See Hidalgo Anazco v. Baltazar*, No. 26-cv-01133-PAB, 2026 WL 1004485, at *1 (D. Colo. Apr. 14, 2026) ("While §§ 1225 and 1226 concern detention while removal proceedings are pending, the removal and detention period under 8 U.S.C. § 1231 begins when an alien is ordered removed, and the removal order becomes administratively final.") (citation and internal quotations omitted); *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178-79 (D. Colo. 2024) ("Two sections of the Immigration and Naturalization Act (INA) authorize detention – 8 U.S.C. § 1231, which applies once a removal order has been issued, and 8 U.S.C. § 1226, which operates when a removal order has not yet been entered.").  Accordingly, petitioner's claim that she is entitled to relief under § 1226(a) is meritless because she is not detained under § 1226(a).

Notably, in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court recognized that detention is presumptively reasonable for up to six months after a noncitizen is subject to a final order of removal.  After six months lapses, however, detention is no longer presumptively reasonable, and the noncitizen may be entitled to release.  *Id.*  Here, petitioner has been detained since June 8, 2025—almost one year.  Docket No. 8-1 at 3, ¶ 13.  Thus, she might have a viable claim under *Zadvydas*.  Accordingly, the Court will deny her habeas petition without prejudice.

3

### III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Kerla Bracovich Bracho's Petition for Writ of Habeas

Corpus [Docket No. 1] is **DENIED without prejudice**.

DATED June 4, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

4